IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

HUGO ALEXANDER BARBOSA-VAQUERO,                                    PETITIONER
A# 241-276-714

V.                                          CIVIL ACTION NO. 5:26-cv-215-DCB-BWR

ATTORNEY GENERAL OF THE
UNITED STATES, et al.                                              RESPONDENTS

<u>ORDER OF DISMISSAL WITHOUT PREJUDICE</u>

This matter is before the Court sua sponte.   After consideration of the record in this case and relevant legal authority, the Court finds that this civil action should be dismissed.

I.      Background

On March 25, 2026, a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 was filed on behalf of Hugo Alexander Barbosa-Vaquero.   The Petition [1] identified Barbosa-Vaquero as an immigration detainee housed at the Adams County Correctional Center in Natchez, Mississippi but the Petition was signed by Genesis Bonilla Cordero.   Because the Petition was not signed and sworn under penalty of perjury by Barbosa-Vaquero, and contained other deficiencies, the Court, on March 26, 2026, entered an Order [2].   The Order [2] directed Barbosa-Vaquero, on or before April 10, to file a Petition that complies with Rule 2 of the *Rules Governing Section 2254 Cases in the United States District Courts* and the habeas statutes by completing, signing, and filing a form "Petition For A Writ of Habeas Corpus Under 28 U.S.C. § 2241."   Order [2] at 1.   The Order [2] warned Barbosa-Vaquero that his failure to comply with the requirements of the Order will lead to the dismissal of his Petition.

On March 30, 2026, a document titled "Supplement to Petition for Writ of Habeas Corpus," signed by Cordero was filed in this case.   *See* ECF No. 3.   It is neither the

completion of the form petition provided by the Order [2] nor is it signed by Barbosa-Vaquero.

On May 1, 2026, the Court entered an Order to Show Cause [8] directing Petitioner to show cause why the action should not be dismissed for failure to comply with the Court's Order. The Order to Show Cause [8] noted that the Court does not have a Petition filed by detainee and Petitioner Barbosa-Vaquero that meets the Habeas Rules or applicable statutes.[1]   The Order to Show Cause [8] directed Petitioner to comply on or before May 12, 2026, and warned Petitioner that his failure to advise the Court of a change of address or his failure to comply would result in the dismissal of this case.   Petitioner did not respond or otherwise contact the Court.

On May 4, 2026, the envelope [9] containing the March 26 Order [2] was returned by the postal service as undeliverable.   Ret Mail [9].   The envelope contained a Return to Sender stamp with a mark next to the word "Released." *Id*. at 1.

Since Petitioner is proceeding pro se, the Court provided him with one final opportunity to comply with the Court's Orders prior to dismissal of this case.   On May 28, 2026, the Court entered a Final Order to Show Cause [10] directing Petitioner to comply on or before June 11. The Final Order to Show Cause contained the same warnings as the previous Orders.

On June 5, 2026, the envelope [11] containing the first Order to Show Cause [8] was returned by the postal service as undeliverable.   Ret Mail [11].   The envelope contained a Return to Sender stamp with a check mark next to the word "Released." *Id*. at 1.   To date, Petitioner has not complied with the Court's Orders or otherwise contacted the Court.

---

[1]  The Order also stated that "Barbosa-Vaquero is the individual identified as the immigration detainee that is seeking habeas corpus relief in this cause.   Therefore, Barbosa-Vaquero is the Petitioner in this case, and he may represent himself or be represented by counsel, but a non-licensed attorney may not represent another individual in this Court."   Order to Show Cause [8] at 2.

II.    Discussion

The Court has the authority to dismiss an action for a petitioner's failure to prosecute or to obey a Court order under Federal Rule of Civil Procedure 41(b) and the Court's inherent authority to dismiss the action sua sponte.    *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) ("Under Rule 41(b), a district court may dismiss an action sua sponte if the plaintiff fails to comply with court orders.").    The Court's authority to dismiss an action for failure to prosecute extends to habeas corpus petitions.    *See Martinez v. Johnson,* 104 F.3d 769, 772–73 (5th Cir. 1997) (affirming sua sponte dismissal of pro se habeas petition for failure to prosecute under Fed. R. Civ. P. 41(b), noting "where there are procedural gaps in the habeas rules, the district courts have broad discretion to apply the Federal Rules of Civil Procedure").

The Court must be able to clear its calendar of cases that remain "dormant because of the inaction or dilatoriness of the parties seeking relief[,] . . . so as to achieve the orderly and expeditious disposition of cases."    *Link*, 370 U.S. at 630–31.    Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."    *Id.* at 629–30.

To date, Petitioner has not complied with three Court Orders and he has not contacted the Court to inquire about the status of this case.    It appears Petitioner has also not informed the Court of his current address.    The Court repeatedly warned Petitioner that failure to comply with a court order or failure to advise the Court of his current address would result in dismissal without further notice.    *See Bohannan v. Redic,* No. 20-40860, 2023 WL 2346335, at *1 (5th Cir. Mar. 3, 2023) (finding district court's two explicit warnings to pro se prisoner that

3

noncompliance may result in dismissal was adequate use of lesser sanctions for a failure to prosecute dismissal).   The Court's repeated warnings did not "prompt diligent prosecution," instead such efforts "proved to be futile."   *Vafaiyan v. Target*, 251 F. App'x 862, 863 (5th Cir. 2007) (citing *Berry v. CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).   Additionally, there is nothing in the record to suggest that further warnings will be effective.   It is apparent that Petitioner no longer wishes to pursue this habeas case.   Dismissal without prejudice is warranted.

III.    Conclusion

IT IS, THEREFORE, ORDERED AND ADJUDGED that this civil action is dismissed without prejudice for failure to obey the Court's Orders and to prosecute.   A separate final judgment will enter pursuant to Federal Rule of Civil Procedure 58.

SO ORDERED, this the   30th    day of June, 2026.

s/David Bramlette
UNITED STATES DISTRICT JUDGE